**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

```
FILED by  PG   D.C.

JUN 3 0 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI
```

_Jackie Hins_ _____

(Write the full name of the plaintiff)

vs.

_Wixford Health Source Inc_ _____

_Carl Enlin_ _____

_. Smith_ _____

_____

(Write the full name of the defendant/s in this case)

### COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

**I.** **Party Information**

**A.** Plaintiff: _Jackie Hins_ _____

Address: _11064 N.W. Dempsey Barron Rd._ _____

Inmate/Prison No.: _E07968_ _____

_Year_ of Birth: _1977_____ (Do <u>not</u> include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

**B.** Defendant: _____     Defendant: _____

Official Position: _____     Official Position: _____

Place of Employment: _____     Place of Employment: _____

(Write the full name of each defendant, official position and place of employment.  Attach a separate page if you need additional space for additional defendants. )

## II. Statement of Claim

Briefly describe the facts of your case.  Describe how each defendant is involved, names of other persons involved, and dates and places.  Each claim should be stated in a separately numbered paragraph.  Please use short and plain statements, with separately numbered paragraphs indicating why the relief requested should be granted.  Do not include legal arguments or cite cases or statutes.  Attach additional pages, if necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

## III.  Relief Requested

Briefly state what you are requesting from the Court (what do you want the Court to do).  Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**IV. Jury Demand**

Are you demanding a jury trial?        ⟋ Yes        _____ No

Signed this ___24___ day of ___JUNE___, 20 _15_

_Jackson Kim_

_____
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: _JUNE 24, 2015_  _BRISTOL, FLORIDA_

_____
Signature of Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA
MIAMI DIVISION

FILED by _PG_ D.C.

JUN 30 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

Jackie Hines
Plaintiff

v.

cat/div _550/1983/MIA_
Case # _____
Judge _____ Mag _WHITE_
Motn Ifp _YES_ Fee pd $ _0_
Receipt # _____

Wexford Health Source Inc.
Carl Brolin
Smith
Defendants.

15-cv-22472

Jury Trial Demanded

Introduction

This is a Civil Rights Action Filed By Jackie Hines a
State Prisoner For Compansatory and Punitive
Damage under 42 U.S.C. 1983 Alleging Inadequate
Medical Treatment In Violation of The Eighth
Amendment to The United States Constitution. The
Plaintiff also alleges The Torts of Medical Malpractice
and Negligent Infliction Emotional Distress.

PROVIDED BY
LIBERTY CI

JUN 24 2015

FOR MAILING_____   J.H

<u>JURISDICTION   VENUE</u>

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES.
THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343(A)(3).

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFFS STATE LAW TORT CLAIMS UNDER 28 U.S.C. 1367.

<u>PARTIES</u>

3. THE PLAINTIFF JACKIE HINES IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF FLORIDA IN THE CUSTODY OF THE FLORIDA DEPARTMENT OF CORRECTIONS.
THE PLAINTIFF WAS INCARCERATED AT EVERGLADES CORRECTIONAL INSTITUTION DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

4. THE DEFENDANT WEXFORD HEALTH SOURCE INC., IS THE CONTRACTED MEDICAL SUPPLIER AT EVERGLADES CORRECTIONAL INSTITUTION. THE DEFENDANT IS SUED IN ITS OFFICIAL CAPACITY REGARDING STATE LAW CLAIMS ONLY.

5. THE DEFENDANT CARL BOLIN IS THE CHIEF HEALTH OFFICER AT EVERGLADES CORRECTIONAL INSTITUTION, AND IS GENERALLY RESPONSIBLE FOR ENSURING PROVISION OF MEDICAL CARE TO PRISONERS. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

6. THE DEFENDANT SMITH IS THE MEDICAL DIRECTOR AT EVERGLADES CORRECTIONAL INSTITUTION. AND IS GENERALLY RESPONSIBLE FOR ENSURING PROVISION OF MEDICAL CARE TO PRISONERS. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

<u>Statement of Facts</u>

7. November 25, 2011, Incarcerated In the Brevard County Detention Center The Plaintiff Jackie Hines fell while Playing Basketball, And Severely Injured His Right Arm.

8. December 9, 2011, Space Coast Orthopedic Doctor Robert Sedoras Diagnosed Jackie Hines Severe Injuries as a Broken And Dislocated Right Arm. Doctor Robert Sedoras Recommended Corrective Surgery with Hardware Placed Into His Arm.

9. December 15, 2011, Doctor Robert Sedoras Performed The Recommended Corrective Surgery on Jackie Hines Right Arm And Placed a Plate And 6 Pins into His Arm.

10. After The Surgery Jackie Hines Could not turn His Right Arm over Palms-up. Doctor Robert Sedoras Informed Jackie Hines a Additional Surgery was Necessary to Remove The Hardware That was Placed Into His Right Arm December 15, 2011, to Correct The Physical Impairment In His Right Arm.

11. October 16, 2012, Jackie Hines was Transferred from The Brevard County Detention Center To Florida Department of Corrections. Central Florida Reception Center.

12. November 2012, Jackie Hines was Transferred from Central Florida Reception Center To Taylor Correctional Institution.

13. November 2012, at Taylor Correctional Institution Jackie Hines Complained of Nerve Pain, Muscle Atrophy in His Right Tricep, Loss of Range of Motion, And His Right Hand would not Turn over palms-up.

14. Jackie Hines was examined By the Medical Director Doctor Bucarelli, for His Medical Complaints. Doctor Bucarelli Recommended Jackie Hines Recieve Physical Therapy for His Right Arm.

15. May 2013, Jackie Hines was Transferred from Taylor Correctional Institution To Everglades Correctional Institution.

16. May 2013, - June 2013, Jackie Hines was experiencing extreme Pain in His Right Arm, Tricep Muscle Atrophy, Stiffness, Loss of Range of Motion, And His Right Hand would not Turn over Palms-up.

17. June 13, 2013 at Everglades Correctional Institution Jackie Hines was examined By Nrny Dawson for His Medical Complaints.

18. June 13, 2013, Nurse Dawson filed out a Florida Department of Corrections Consultation Request / Complaint form Recommending Jackie Hines Right Arm Be examined By An Orthopedic Doctor, And Recieve Physical Therapy.

19. In the Consultation Request / Complaint form Nurse Dawson Described Jackie Hines Right Arm And Hand Physical Condition. Also Nurse Dawson explained Jackie Hines Need for the Medical Treatment, And the Substantial Risk of Serious Harm He would Further Suffer if the Request was Not Granted.

20. June 24, 2013, M.D. Smith Recieved the Request and Recommendation for Jackie Hines to be examined by a Orthopedic and Recieve Physical Therapy.

21. June 24, 2013, M.D. Smith Denied the Recommendation that Jackie Hines be evaluated by a orthopedic doctor. M.D. Smith Did not examine Jackie Hines or state His medical Reason for Denying Jackie Hines to be examined by a Orthopedic doctor in his "Wexford Health Source Inc., office outpatient visit form".

22. June 28, 2013, Jackie Hines was examined by Everglades Correctional Institution Physical Therapist Mrs. Maylor.

23. June 28, 2013, Mrs Maylor filed out a Florida Department of Corrections Consultation Request / Complaint Form. Mrs. Maylor Recommended Jackie Hines Recieve physical Therapy and be examined by a Orthopedic Doctor for the Proper follow up Care. Because the Stiffness in his Right arm, the loss of Range of Motion, Muscle Atrophy in his Right Tricep, and Because He Could not turn his Right Hand over Palms - up.

24. Also in the Consultation Request / Complaint form Mrs Maylor Described Jackie Hines Right arm and Right Hand Physical Condition. And explained Jackie Hines need for the Medical Treatment, and the Substantial Risk of Serious Harm He would further Suffer if the Request was not Granted.

25. Upon Information And Belief, Because of M. D. Smith June 24, 2013, "Wexford Health Source Inc. office / Out Patient Visit Collegial Review" Decision. Jackie Hines was Not Examined By An Orthopedic Doctor As Recommended By Physical Therapist Mrs. Naylor.

26. July 24, 2013, Jackie Hines Started Physical Therapy at Everglades Correctional Institution. Jackie Hines was Perscribed 6 days of Physical Therapy. A Hour Each Day.

27. Jackie Hines Received Physical Therapy at Everglades Correctional Institution From A Physical Therapist Named Carlos. Carlos And Jackie Hines worked Together with weights And Resistence Rubber.

28. Carlos Informed Jackie Hines Physical Therapy was Imperative And without it His Arm would Suffer Disability.

29. August 1, 2013 After The 6 days of Perscribed Physical Therapy was Completed Nurse Dawson Had Jackie Hines Report To Her office. Nurse Dawson Informed Jackie Hines The Physical Therapist Carlos Recommended 6 more Sessions So His Medical Condition Could Improve.

30. August 5, 2013, Carl Balin chief Health officer Denied Jackie Hines The Physical Therapy That Was Recommended By The Treating Physical Therapist Carlos, without Examining that.
The Absence of The Recommended Medical Treatment Had a Detrimental effect, And Worsened Jackie Hines Medical Condition.

31. August 8, 2013, Nurse Dawson Had Jackie Hines Report To Her office. Nurse Dawson Informed Jackie Hines He Was Denied The Additional Recommended Physical Therapy. Also He Was Denied To Be Further Examined By a Orthopedic Doctor.

32. August 12, 2013, And August 21, 2013 Jackie Hines Wrote Grievances Regarding The Medical Deprivations.

33. The Grievances Were Recieved And Answered By Health Administrator T. Venegn And Carl Balin. Both Were Notified Of The Medical Deprivations And Failed To Act And Correct Them.

34.      EXHAUSTION OF ADMINISTRATIVE REMEDIES
The Plaintiff Jackie Hines Has Exhausted His Administrative Remedies With Respect To All Claims And All Defendants.

Claims For Relief

M. D. Smith

35. June 13, 2013, Nurse Dawson Examined Jackie Hines And filled out a Florida Department of Corrections Consultation Request / Complaint form Recommending Jackie Hines Right Arm And Hand Be Examined By an Orthopedic Doctor And Recieve Physical Therapy.

36. In The Consultation Request / Complaint form Nurse Dawson Described Jackie Hines Right Arm And Hand Physical Condition.
Nurse Dawson Also explained Jackie Hines need For The Medical Treatment, And Substantial Risk of Serious Harm he would further Suffer if the Request was not Granted.

37. June 24, 2013 M. D. Smith Recieved The Request And Recommendation For Jackie Hines To Be Examined By an Orthopedic Doctor, And Recieve Physical Therapy.
M. D. Smith Denied The Treating Physicians Medical Recommendation That Jackie Hines Be Examined By an Orthopedic Doctor without Examining him or Stating His Medical Reason For Denying Jackie Hines To Be Examined By an Orthopedic Doctor

38. The Defendant Smith failure to follow a treating physicians medical recommendations and provide the Plaintiff Jackie Hines access to a orthopedic doctor to alleviate and minimize the Plaintiffs injury constitutes deliberate indifference to the Plaintiffs serious medical need in violation of Eighth Amendment to the United States Constitution.

39. The Defendant Smith failed to exercise the level of care, skill, and treatment which in light of all relevant circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers by failing to follow a treating physicians medical recommendations and provide the Plaintiff Jackie Hines access to a orthopedic doctor to alleviate and minimize the Plaintiffs injury constitutes the tort of medical malpractice under the law of Florida.

40. Also the Defendant Smith failure to follow a treating physicians medical recommendations and provide the Plaintiff Jackie Hines access to a orthopedic doctor to alleviate and minimize the Plaintiff injury constitutes the tort of negligent infliction emotional distress under the law of Florida.

## Carl Brain

41. July 24, 2013, Jackie Hines Started Physical Therapy at Everglades Correctional Institution.
Jackie Hines was Prescribed 6 Days of Physical Therapy. A Hour Each Day.

42. Jackie Hines Recieved Physical Therapy at Everglades Correctional Institution from A Physical Therapist Named Carlos.
Carlos And Jackie Hines Worked Together with Weights And Resistence Rubber.

43. Carlos Informed Jackie Hines Physical Therapy was Imperative And without it His Arm would Suffer Disability.

44. August 1, 2013, After the 6 days of Prescribed Physical Therapy was Completed Nurse Dawson Had Jackie Hines Report To Her office.
Nurse Dawson Informed Jackie Hines The Physical Therapist Carlos Recommended 6 More Sessions So His Medical Condition Could Improve.

45. August 5, 2013, Carl Brain Denied Jackie Hines The Physical Therapy That was Recommended By The Treating Physical Therapist Carlos without Examining Him.
The Absence of The Recommended Medical Treatment Had a Detrimental Effect, And Worsened Jackie Hines Medical Condition.

46. The Defendant Carl Brian failure to follow a treating physical therapist medical recommendations and provide the plaintiff Jackie Hines additional physical therapy to alleviate and minimize the plaintiff injury constitutes deliberate indifference to the plaintiff serious medical need in violation of Eighth Amendment to the United States Constitution.

47. The Defendant Carl Brian failed to exercise the level of care, skill, and treatment which in light of all relevant circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers by failing to follow a treating physical therapist medical recommendations and provide the plaintiff Jackie Hines additional physical therapy to alleviate and minimize the plaintiff injury constitutes the tort of medical malpractice under the law of Florida.

48. Also the Defendant Carl Brian failure to follow a treating physical therapist medical recommendations and provide the plaintiff Jackie Hines additional physical therapy to alleviate and minimize the plaintiff injury constitutes the tort of negligent infliction emotional distress under the law of Florida.

49.
### WEXFORD HEALTH SOURCE INC.

JUNE 24, 2013, M. D. SMITH A EMPLOYEE OF WEXFORD HEALTH SOURCE INC., FAILED TO EXERCISE THE LEVEL OF CARE, SKILL, AND TREATMENT WHICH IN LIGHT OF ALL RELEVANT CIRCUMSTANCES IS RECOGNIZED AS ACCEPTABLE AND APPROPRIATE BY REASONABLY PRUDENT SIMILAR HEALTH CARE PROVIDERS BY FAILING TO FOLLOW A TREATING PHYSICIANS MEDICAL RECOMMENDATIONS AND PROVIDE THE PLAINTIFF JACKIE HINES ACCESS TO A ORTHOPEDIC DOCTOR TO ALLEVIATE AND MINIMIZE THE PLAINTIFF INJURY CONSTITUTES THE TORT OF MEDICAL MALPRACTICE UNDER THE LAW OF FLORIDA. WEXFORD HEALTH SOURCE INC., IS VICAROUSLY LIABLE UNDER THE PROFESSIONAL MEDICAL MALPRACTICE STANDARD OF CARE SET FORTH IN SECTION 766.102(1) FLORIDA STATUTE WHEN ITS AGENT OR EMPLOYEE WHO IS THE HEALTH CARE PROVIDER NEGLIGENTLY RENDERS OR FAILURE TO RENDER MEDICAL CARE OR SERVICES.

50.
### WEXFORD HEALTH SOURCE INC.

AUGUST 5, 2013, CARL BAILIN A EMPLOYEE OF WEXFORD HEALTH SOURCE INC., FAILED TO EXERCISE THE LEVEL OF CARE, SKILL, AND TREATMENT WHICH IN LIGHT OF ALL RELEVANT CIRCUMSTANCES IS RECOGNIZED AS ACCEPTABLE AND APPROPRIATE BY REASONABLY PRUDENT SIMILAR HEALTH CARE PROVIDERS BY FAILING TO FOLLOW A TREATING PHYSICAL THERAPIST MEDICAL RECOMMENDATIONS AND PROVIDE THE PLAINTIFF JACKIE HINES ADDITIONAL PHYSICAL THERAPY TO ALLEVIATE AND MINIMIZE THE PLAINTIFF INJURY CONSTITUTES THE TORT OF MEDICAL MALPRACTICE UNDER THE LAW OF FLORIDA. WEXFORD HEALTH SOURCE INC. IS VICAROUSLY LIABLE UNDER THE PROFESSIONAL MEDICAL MALPRACTICE STANDARD OF CARE SET FORTH IN SECTION 766.102(1) FLORIDA STATUTE.

WHEN ITS AGENT OR EMPLOYEE WHO IS THE HEALTH CARE PROVIDER NEGLIGENTLY RENDERS OR FAILURE TO RENDER MEDICAL CARE OR SERVICES.

51.      WEXFORD HEALTH SOURCE INC.

IN THE MONTHS OF MAY 2013, AND JUNE 2013, JACKIE HINES WAS EXPERIENCING PAIN, STIFFNESS, AND LOSS OF RANGE OF MOTION IN HIS RIGHT ARM. ALSO HE LOSING MUSCLE IN HIS RIGHT ARM TRICEP, AND HIS RIGHT HAND WOULD NOT TURN OVER PALMS-UP.

52.    JUNE 28, 2013, JACKIE HINES WAS EXAMINED BY MRS. MAYLOR THE PHYSICAL THERAPIST AT EVERGLADES CORRECTIONAL INSTITUTION. MRS. MAYLOR RECOMMENDED JACKIE HINES RECIEVE PHYSICAL THERAPY AND EXAMINED BY A ORTHOPAEDIC DOCTOR FOR THE PROPER FOLLOW UP CARE, BECAUSE THE PAIN, STIFFNESS AND LOSS OF RANGE OF MOTION IN HIS RIGHT ARM. ALSO BECAUSE HIS RIGHT HAND WOULD NOT TURN OVER PALMS-UP.

53.    WEXFORD HEALTH SOURCE INC., COLLEGIAL REVIEW DENIED JACKIE HINES THE RECOMMENDED MEDICAL TREATMENT (ORTHOPAEDIC CONSULTATION).

54.    THE FAILURE TO PROVIDE JACKIE HINES ACCESS TO THE ORTHOPAEDIC DOCTOR HAD A DETRIMENTAL EFFECT ON JACKIE HINES RIGHT ARM, AND HAND THAT EXACERBATED HIS CONDITION.

55. The Defendant Wexford Health Source Inc., Failed To Exercise The level of Care, Skill, And Treatment which In light of all Relevant Circumstances is Recognized As Acceptable And Appropriate By Reasonably Prudent Similar Health Care Providers By Failing To Provide The Plaintiff Jackie Hines Access To A Orthopaedic Doctor That was Recommended By a Treating Physical Therapist (Mrs. Naylor) To Alleviate And Minimize His Injuries Constitutes The Tort of Medical Malpractice under The law of Florida.

The Defendant Wexford Health Source Inc., Is Vicariously liable under The Professional Medical Malpractice Standard of Care Set Forth In Section 766.162(1) Florida Statute When Its Agent or Employee who Is The Health Care Provider Negligently Renders or Failure To Render Medical Care or Services.

56.          Wexford Health Source Inc.

Defendant Wexford Health Source Inc., Failed To Follow a Treating Physical Therapist (Mrs. Naylor) Medical Recommendations And Provide The Plaintiff Jackie Hines Access To A Orthopaedic Doctor To Alleviate And Minimize The Plaintiff Injury Constitutes The Tort of Negligent Infliction Emotional Distress under The law of Florida.

57.

## WEXFORD HEALTH SOURCE INC.

JUNE 24, 2013, MR. D. SMITH A EMPLOYEE OF WEXFORD HEALTH SOURCE INC., FAILED TO FOLLOW A TREATING PHYSICIAN MEDICAL RECOMMENDATION AND PROVIDE THE PLAINTIFF JACKIE HINES ACCESS TO A ORTHOPEDIC DOCTOR TO ALLEVIATE AND MINIMIZE THE PLAINTIFFS INJURIES CONSTITUTES THE TORT OF NEGLIGENCE INFLICTION EMOTIONAL DISTRESS UNDER THE LAW OF FLORIDA.
THE DEFENDANT WEXFORD HEALTH SOURCE INC., IS LIABLE UNDER THE DOCTRINE RESPONDENT SUPERIOR.

58.

## WEXFORD HEALTH SOURCE INC.

AUGUST 5, 2013, CARL BOLLIN A EMPLOYEE OF WEXFORD HEALTH SOURCE INC., FAILED TO FOLLOW A TREATING PHYSICAL THERAPIST MEDICAL RECOMMENDATIONS AND PROVIDE THE PLAINTIFF JACKIE HINES ADDITIONAL PHYSICAL THERAPY TO ALLEVIATE AND MINIMIZE THE PLAINTIFF INJURY CONSTITUTES THE TORT OF NEGLIGENT INFLICTION EMOTIONAL DISTRESS UNDER THE LAW OF FLORIDA.
THE DEFENDANT WEXFORD HEALTH SOURCE INC., IS LIABLE UNDER THE DOCTRINE RESPONDENT SUPERIOR.

59.

## CAUSATION

AS A RESULT OF THE DEFENDANTS REFUSAL AND FAILURE TO PROVIDE THE PLAINTIFF JACKIE HINES ADEQUATE MEDICAL TREATMENT, THE PLAINTIFF SUFFERED SUBSTANTIAL THROUGH THE UNNECESSARY WANTONNESS INFLICTION OF PAIN, PERMANENT PHYSICAL INJURIES (LOSS OF RANGE OF MOTION). MENTAL SUFFERING EMOTIONAL DISTRESS, HUMILIATION, EMBARRASSMENT AND LOSS OF EARNING.

60.

## Relief Requested

WHEREFORE, The Plaintiff Jackie Hines Request
That This Court Grant The Following Relief
Award Compensatory Damages For The Plaintiffs
Pain And Suffering, Emotional Distress,
Humiliation, Embarrassment, And Punitive
Damages Against Each of The Defendants.
The Plaintiff Also Seeks Recovery of Cost
In This Suit And Any Additional Relief
This Court Deems Just And Equitable.

61.

## Verification

I Have Read The Foregoing Complaint And
Hereby Verify That The Matters Alleged Therein
Are True, Except As To Matters Alleged On
Information And Belief, And As To Those I
Believe Them To Be True. I Certify under
Penalty of Perjury that the Foregoing Is True
And Correct. Executed at Bristol, Florida.

Respectfully Submitted Jack Hines

Jackie Hines #007968
Liberty Correctional Institution
11064 N.W. Dempsey Barron Rd.
Bristol, Florida 32321

Jackie Hines E07968
LIBERTY CORRECTIONAL INSTITUTION
11064 N.W. DEMPURY BARRON ROAD
BRISTOL, FLORIDA 32321

Mailed from
Liberty Correctional
Institution



MAILED FROM
LIBERTY CORRECTIONAL
INSTITUTION

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
400 NORTH MIAMI AVENUE 8N09
MIAMI, FLORIDA 33128

