UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22472-MOORE/LOUIS

JACKIE J. HINES,

   Plaintiff,

vs.

WEXFORD HEALTH SOURCES, INC., et al,

   Defendants.

_____/

**DEFENDANTS SMITH AND BALMIR'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, ROBERT SMITH, M.D. ("Dr. Smith") and CARL BALMIR, M.D. ("Dr. Balmir") (collectively, "Defendants"), hereby file their Motion for Summary Judgment and Memorandum of Law in Support, and in support state:

1.  Defendants Dr. Smith and Dr. Balmir seek summary judgment on the claims that each committed medical malpractice under Florida law.

2.  As set forth in Magistrate Judge Damian's February 20, 2023 Order, the only remaining claims in this case were the claims of medical malpractice against the Defendants which followed the Eleventh Circuit's Order affirming summary judgment in part and vacating in part [ECF No. 153].

1

3.  In support of summary judgment, Defendants rely on the expert report and opinion of Dr. Alfred Joshua (attached as **Exhibit A** to the Statement of Material Facts), their own affidavits (Dr. Smith's affidavit is attached as **Exhibit B** and Dr. Balmir's affidavit is attached as **Exhibit C** to the Statement of Material Facts), Plaintiff's medical file (attached as **Exhibit D** to the Statement of Material Facts) (Exhibit's B, C, and D, were previously filed at ECF No. 105), and Plaintiff's answers to discovery [ECF No. 182-1 Interrogatory Answer #2].

4.  Pursuant to Local Rules 56.1(a)(1), (b)(1) of the Southern District of Florida, Defendants' Statement of Material Facts has been contemporaneously filed and served with this Motion for Summary Judgment.

5.  For all of the reasons stated above and as discussed below and based on the undisputed statement of material facts, the Defendants seek entry of an order granting summary judgment and granting final judgment and for all such further relief as justice so requires.

**MEMORANDUM OF LAW**

**A. Legal Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact that the moving party is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cetolex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

Based on the record evidence, there is no genuine issue of material fact. Consistent with the undisputed facts and legal authority, there was no medical malpractice; thus, the Defendants, ROBERT SMITH, MD, and CARL BALMIR, MD, are entitled to summary judgment as a matter of law.

**B. As to Dr. Balmir**

In the instant case, Dr. Balmir participated in the presentation of the case but he had no direct participation in Utilization Management's *ultimate* decision to

approve the Plaintiff for physical therapy on June 24, 2013, and July 19, 2013; and he likewise had no direct participation in Utilization Management's *ultimate* decision on August 5, 2013, that the Plaintiff continue his range of motion and strengthening exercises under medical staff direction without the medical necessity of a physical therapist. *See* Exhibit B at para. 7; Exhibit C at paras. 3, 4, 12, 17, 23-24.

As the Medical Director at Everglades Correctional Institution, Dr. Balmir's roles and responsibilities were limited to administrative oversight, and he never personally consulted with the Plaintiff relative to his complaints of right arm and elbow pain, limited range of motion, and weakness. *Id*. Instead, Dr. Balmir principally deferred to the site clinicians directly involved in each inmate-patient's care, and the Utilization Management Collegial Review for determining the most appropriate and medically necessary treatment for each inmate-patient. *Id*. However, consistent with his roles and responsibilities as the site Medical Director, Dr. Balmir was, in fact, privy to Utilization Management's medical decisions relative to ARNP Lawson's consultation request for physical therapy, but Dr. Balmir did not have any decision-making authority within Collegial Review. *Id*.

Based on Florida law and the facts of this case, Dr. Balmir was not sufficiently involved in the care and treatment of Plaintiff whereby causation can

Page **4** of **12**

be established to support medical malpractice against Dr. Balmir. In Florida, a plaintiff must prove each of the following elements by a preponderance of the evidence to support a medical malpractice claim: "(1) a duty by the physician, (2) a breach of that duty, and (3) causation." *Chiarino v. United States*, 189 F. Supp. 3d 1371, 1382 (S.D. Fla. 2016) (citing *Saunders v. Dickens*, 151 So. 3d 434, 441-42 (Fla. 2014)). There are no facts or record evidence that support that Dr. Balmir breached a duty owed to Plaintiff which shows that "the care provided by the physician was not that of a reasonably prudent physician" and that the alleged "negligence probably caused the plaintiff's injury." *See Cantore v. W. Boca Med. Ctr., Inc.*, 254 So. 3d 256, 260 (Fla. 2018) (citations omitted). There is also no record evidence that sets forth that Dr. Balmir's actions led to injuries by Plaintiff nor is there any testimony that Dr. Balmir's actions were not in good faith nor within the standard of care. *See* § 766.102(4), Fla. Stat. (2015).[1] To the contrary, the expert testimony of Dr. Joshua supports that Dr. Balmir met the necessary standard of care. *See* Exhibit A at pp. 7-8.

Though the Plaintiff has alleged in his Amended Complaint that Dr. Balmir denied the Plaintiff's recommended physical therapy, the sworn Affidavits of both

---

[1] According to Florida Statutes § 766.102(4), "[t]he failure of a health care provider to order, perform, or administer supplemental diagnostic tests shall not be actionable if the health care provider acted in good faith and with due regard for the prevailing professional standard of care."

Dr. Balmir and Dr. Smith are undisputed in establishing that Dr. Balmir did not, in fact, have the requisite personal involvement in making medical decisions relative to the Plaintiff's plan of care and course of treatment to establish medical malpractice. In discussing the deliberate indifference claim (not the state medical malpractice claim), the Eleventh Circuit held that there was no basis "to support the claim against Dr. Balmir for deliberate indifference" and "Dr. Balmir made no decisions involving Hines's treatment…to establish a causal connection between Dr. Balmir's inaction and the alleged violation of Hines's constitutional rights." *Hines v. Wexford Health Sources, Inc.*, 786 F. App'x 913, 918 (11th Cir. 2019) (citation omitted). So too here when analyzing the state claim, there is a lack of any causal connection between any action or inaction of Dr. Balmir and the alleged medical malpractice.

Dr. Balmir's deference to and reliance on Collegial Review's collaborative medical decision to initially approve physical therapy for the Plaintiff and thereafter, or the determination that the Plaintiff could continue his range of motion and strengthening exercises under medical staff direction without the medical necessity of a physical therapist do not establish the requisite personal involvement as is required for medical malpractice. Thus, when reviewing the actions by Dr. Balmir as supported by the record evidence, the record evidence does not support

medical malpractice and the record evidence supports that all of Dr. Balmir's actions fall within the standard of care; Dr. Balmir is entitled to summary judgment as a matter of law.

**C. As to Dr. Smith**

Dr. Smith's involvement in the Plaintiff's plan of care and course of treatment was limited to Collegial Review on June 24, 2013, July 19, 2013, and August 5, 2013. *See generally* [ECF No. 105-1; (*see* Exhibit B paras. 8, 17-22)]. On both June 24, 2013 and July 19, 2013, Dr. Smith, by and through Collegial Review, *approved* ARNP Dawson's consultation requests for physical therapy [ECF No. 105-1 at pp. 22-23, 26; (*see* Exhibit B at paras. 17, 19)].

In the Amended Complaint, Plaintiff concedes that he underwent physical therapy in response to his complaints of elbow pain, limited range of motion, and weakness [ECF No. 23 at paras. 26-27]. In approving ARNP Dawson's consultation requests for physical therapy, Dr. Smith collaborated with ARNP Dawson and relied on his medical judgment and experience in determining that physical therapy was the most medically appropriate and medically necessary course of treatment to alleviate the Plaintiff's complaints of pain, limited, range of motion, and weakness in his right arm and elbow–complaints that resulted from an injury that had been sustained approximately two (2) years prior. More

Page **7** of **12**

specifically, Dr. Smith believed that based on his medical judgment and experience, and reliance on the Plaintiff's physical exam findings, imaging studies, and prior consultations, that physical therapy would adequately assess and improve the Plaintiff's potential functional limitations. In fact, Dr. Smith and Utilization Management received no further requests for physical therapy *or* an orthopedist subsequent to August 5, 2013. *See* Exhibit B at paras. 24, 28-29.

While the Eleventh Circuit did not opine on the state medical malpractice claim, it did conclude in its analysis of the claims of violations of Plaintiff's U.S. Constitutional Rights that there was no deliberate indifference exhibited by Dr. Smith as to the care and treatment of Plaintiff: "The doctor's decision to deny Hines an orthopedic examination and additional sessions of physical therapy does not reflect that Hines received 'medical care ... so cursory as to amount to no treatment at all.'" *Hines*, 786 F. App'x at 918 (citations omitted). The Court also held that Plaintiff did in fact receive physical therapy and that the treatment he was provided was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (citation omitted). Dr. Smith's opinion that Plaintiff did not need more physical therapy from an outside therapist "was a matter of medical judgment, which does not rise to the level of deliberate indifference." *Id. (*citing *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th

Page **8** of **12**

Cir. 1989) (requiring more than "a simple difference in medical opinion" for deliberate indifference)). Finally, the Eleventh Circuit concluded that "Hines's treatment proved effective. Hines requested no additional treatment after completing his physical therapy. What's more, an x-ray later taken of Hines's arm showed no significant abnormalities." *Id.*

This is not a case whereby the Plaintiff was outright refused treatment; nor is this a case where the actions of Dr. Smith have been opined by a medical expert to have been incompetent or inadequate in any way. To the contrary, Dr. Joshua's expert medical opinion supports that Dr. Smith's actions met the necessary standard of care. Plaintiff simply cannot show that Dr. Smith "improperly exercised medical judgment, in contradiction of the prevailing professional standard of care, through the testimony of a qualified medical expert" as necessary under Florida law. *See Rockledge HMA, LLC v. Lawley*, 310 So. 3d 112, 116 (Fla. 5th DCA 2020).

Though DPM Maylor recommended an orthopedic consult and ARNP Dawson submitted a corresponding consultation request for an orthopedist, Dr. Smith's decision to forego an orthopedic consult in lieu of a physical therapy consult was based on his medical judgment and experience and collaborative review of the Plaintiff's physical exam findings, imaging studies, and prior

consultations. Dr. Smith did not think that a referral to an orthopedist was medically necessary, though he was clear that he would have entertained a subsequent consultation request for an orthopedist had the Plaintiff's complaints worsened or such a referral became medically indicated. In that regard, the potential for an orthopedic consult was never denied nor foreclosed, but rather physical therapy was the alternative plan of treatment approved in an effort to assess and improve the Plaintiff's functional limitations. There were, however, no further consultation requests for an orthopedist submitted to Dr. Smith by and through Collegial Review subsequent to June 24, 2013. *See* Exhibit B at paras. 17, 22, 28-29.

There is no case law which supports that Dr. Smith, as a licensed medical provider, is required to subordinate his own professional judgment to that of another doctor or to the wishes of a patient. Yet, Dr. Smith did collaborate with ARNP Dawson and used his own medical judgment and experience in determining that physical therapy was the most medically appropriate and medically necessary course of treatment to alleviate the Plaintiff's complaints of right elbow pain, limited range of motion, and weakness. *See* Exhibit B at paras. 28-29. Plaintiff has not provided any fact, nor expert opinion, that is contrary to the conclusion that Dr. Smith's medical judgment was appropriate and met the standard of care. Thus,

when reviewing the actions by Dr. Smith as supported by the record evidence, the record evidence does not support medical malpractice and the record evidence supports that all of Dr. Smith's actions fall within the standard of care; Dr. Smith is entitled to summary judgment as a matter of law.

Based on all of the record evidence and the undisputed statement of material facts, there is no genuine issue of material fact, and Doctors Smith and Balmir are entitled to summary judgment as a matter of law.

WHEREFORE, Defendants, Dr. Smith and Dr. Balmir, respectfully seek an Order granting summary judgment and dismissing this case in favor of the Defendants, and for all such further relief as justice so requires.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was E-filed with the Clerk of Court through the CM/ECF system and sent to Pro se Plaintiff via email at jackiehines77@gmail.com through the CM/ECF system on July 27, 2023.

Dated:  July 27, 2023                    /s/ *Louis Reinstein*
                                                                  Louis Reinstein, Esquire
                                                                  Florida Bar Number: 26852
                                                                  KELLEY KRONENBERG
                                                                  *Attorney for Defendants*
                                                                  10360 West State Road 84
                                                                  Fort Lauderdale, FL  33324

Telephone: (954) 370-9970
lreinstein@kklaw.com
mburkett@kelleykronenberg.com