UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22472-MOORE

JACKIE J. HINES,

    Plaintiff,

v.

CARL BALMIR and ROBERT SMITH,

    Defendants.
_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants Robert Smith ("Dr. Smith") and Carl Balmir's ("Dr. Balmir") Notice to the Court of Plaintiff's Non-Compliance with Court's February 20, 2023 Order and Motion to Dismiss for Failure to Comply with Court Order. (ECF No. 180). Therein, Defendants seek dismissal of this action based on *pro se* Plaintiff Jackie J. Hines's alleged failure to comply with a prior discovery order entered two months prior. *See* (ECF No. 179). On the same day they filed their Notice and Motion, Defendants filed a Supplement informing the Court that counsel for Defendants had, a few hours after filing the Notice and Motion, received Plaintiff's incomplete responses to Dr. Smith's written discovery requests. (ECF No. 181). Defendants also filed a Second Supplement the next day, noting that counsel for Defendants had received Plaintiff's incomplete responses to Dr. Balmir's written discovery requests. (ECF No. 182). To these filings, Plaintiff filed a Response in opposition noting his compliance. (ECF No. 183). No Reply was filed and the time to do so has passed.

The matter was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the

1

Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pretrial, non-dispositive matters including discovery, and for a Report and Recommendations on any dispositive matters.[1] (ECF No. 184). Having reviewed Defendants' Notice and Motion, the Supplements thereto, Plaintiff's Response, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** as set forth below.

I.   BACKGROUND

Plaintiff Jackie J. Hines, proceeding *pro se*, commenced this civil rights action in this Court in 2015, asserting an Eighth Amendment claim for deliberate indifference to a serious medical need, under 42 U.S.C. § 1983, as well as state law claims for medical malpractice and negligent infliction of emotional distress. (ECF No. 1). Because Plaintiff was, at the time this action was brought, an incarcerated individual seeking redress against governmental entities, employees, or officers, his Complaint was subject to screening under 28 U.S.C. § 1915A. The Complaint was also subject to screening under 28 U.S.C. § 1915(e) because Plaintiff sought leave to proceed *in forma pauperis*.

Upon initial screening in September 2015, the District Court permitted Plaintiff's claim for deliberate indifference to a serious medical need under the Eighth Amendment to proceed against Dr. Smith and Dr. Balmir, dismissed Wexford Health Source, Inc. as a defendant, and dismissed Plaintiff's state law claims, but afforded Plaintiff leave to amend.[2] (ECF Nos. 10, 17). Plaintiff filed an Amended Complaint (ECF No. 23) which was also screened in accordance with 28 U.S.C. §§ 1915A and 1915(e). (ECF No. 26). Upon supplemental screening of the Amended Complaint,

---

[1] The case was reassigned by the Clerk on February 17, 2023. (ECF No. 178).
[2] Dr. Balmir was initially named as "Carl Balin" and identified as the Chief Health Officer at the Everglades Correctional Institute where Plaintiff was incarcerated.

only Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Smith and Dr. Balmir was permitted to proceed; Plaintiff's state law claims were dismissed. (ECF No. 40).

On June 9, 2017, Dr. Smith and Dr. Balmir moved for summary judgment on Plaintiff's Eighth Amendment claim. (ECF No. 108). The motion was granted. (ECF Nos. 128, 133). Accordingly, on January 31, 2018, judgment was entered in favor of Dr. Smith and Dr. Balmir, and against Plaintiff. (ECF No. 134). Plaintiff moved for reconsideration of the entry of summary judgment. (ECF No. 136). The motion was denied on September 21, 2018. (ECF No. 13). Following that denial, Plaintiff noticed an appeal to the United States Court of Appeals for the Eleventh Circuit on October 22, 2018. (ECF No. 142).

The Eleventh Circuit affirmed the entry of summary judgment in favor of Dr. Smith and Dr. Balmir with respect to Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical need. However, the Eleventh Circuit vacated the *sua sponte* dismissal of Plaintiff's state law claim for medical malpractice against Dr. Smith and Dr. Balmir in their individual capacities. The matter was remanded with instructions "to determine whether Hines conducted a reasonable investigation and had 'grounds for a good faith belief that there ha[d] been negligence in [his] care or treatment,' Fla. Stat. § 766.104(1)." (ECF No. 153 at 11) (alterations in original).

On remand, the Parties engaged in discovery on Plaintiff's state law claims. On August 21, 2022, Defendants filed a Motion to Compel Better Discovery Answers and incorporated Motion for Order to Show Cause. (ECF No. 167). On January 9, 2023, the District Court denied the motion, without prejudice, for failure to substantiate the request and for noncompliance with the requirement for pre-filing conferral under the Local Rules. (ECF No. 168).

Following that denial, Dr. Smith and Dr. Balmir sought a discovery conference before United States Magistrate Judge Melissa Damian. (ECF Nos. 170, 171). On January 26, 2023, after Plaintiff failed to appear at the discovery conference as ordered, Judge Damian ordered Plaintiff to show good cause (i) why Dr. Smith's and Dr. Balmir's discovery requests set forth in their Discovery Memoranda should not be granted by default and (ii) why the case should not be dismissed for failure to prosecute. (ECF No. 172).

Judge Damian held a further hearing on February 16, 2023, which was attended by Plaintiff and by counsel for Dr. Smith and Dr. Balmir. (ECF No. 176). Following that hearing, Judge Damian entered an Order Following Hearing (ECF No. 179), to govern this action until the entry of a Scheduling Order by the District Court. To that end, Plaintiff was ordered to serve verified responses to Dr. Smith's discovery requests and Dr. Balmir's amended discovery requests by March 2, 2023. Pending the entry of a scheduling order by the District Court, it was further ordered that all written discovery must be completed by April 17, 2023 regarding whether (1) Plaintiff conducted a reasonable investigation, (2) Plaintiff had grounds for a good faith belief that there had been negligence in his care or treatment, and (3) Plaintiff's obligation to obtain an expert was waived due to Wexford's failure to provide requested documents. (ECF No. 179 at 5). It was further ordered that all discovery, including expert discovery, must be completed by June 16, 2023.

Now, Dr. Smith and Dr. Balmir seek dismissal of this action for failure to comply with Judge Damian's Order Following Hearing. Though the Notice and Motion cites to no authority, the Notice and Motion in effect seek dismissal as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A). As noted above, Defendants received Plaintiff's written discovery responses, which Defendants claim are only partially complete, shortly after filing the Notice and Motion.

**II.     DISCUSSION**

The Court finds that sanctions are not warranted under the circumstances presented. Under Federal Rule of Civil Procedure 37(b), when a party fails to obey an order to provide or permit discovery, "the court where the action is pending may issue further just orders," which may include any of the sanctions permitted under Rule 37(b)(2)(A)(i)–(vii) including dismissal. Rule 37(b) further requires the Court, "instead of or in addition to" imposing sanctions as set forth in Rule 37(b)(2)(A)(i)–(vii), to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court first notes that Plaintiff served responses to Defendants' written discovery requests. Defendants represent in their two Supplements to their Motion that shortly after filing the instant Motion, defense counsel received Plaintiff's written discovery responses by mail. Both of Plaintiff's discovery responses were signed and notarized on March 24, 2023, and both envelopes used to mail the discovery response are postmarked April 10, 2023. (ECF No. 181-1 at 2); (ECF No. 182-1 at 2). This predates the Parties' conferral regarding Defendants' discovery requests, April 12, 2023, as certified by defense counsel. Dr. Smith's and Dr. Balmir's Motion indeed states that, during conferral, Plaintiff informed defense counsel that "the discovery has been sent/notarized." (ECF No. 180 at ¶ 5). The instant Motion was filed one day later on April 13, 2023.

True, Plaintiff's discovery responses were served over one month late—Plaintiff was ordered to serve his verified discovery responses by March 2, 2023. Moreover, the Court recognizes, as Defendants argue, that Plaintiff's responses are not fulsome. However, at the time

5

defense counsel received the written discovery responses on April 13 and 14, the deadline to complete discovery was June 16, 2023. The appropriate remedy at that time, where Defendants had in fact received discovery responses that did not appear fulsome, was a Rule 37(a) motion to compel better responses and not a Rule 37(b) motion seeking dismissal as a sanction.

Indeed, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979)). The Eleventh Circuit has explained that "dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Id.* (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989)). Dismissal as a sanction is appropriate "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.* (citing *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)).

In this case, Defendants' Motion advances no proffer of prejudice beyond the passage of time. The three-page Motion cites no authority and does not argue why no lesser sanction than dismissal will suffice, particularly where the District Court has not yet entered a scheduling order.[3]

## III.   RECOMMENDATIONS

Accordingly, the undersigned respectfully **RECOMMENDS** that

(1) Defendants' Notice to the Court of Plaintiff's Non-Compliance with Court's February 20, 2023 Order and Motion to Dismiss for Failure to Comply with Court Order (ECF No. 180) be **DENIED**.

---

[3] On July 27, 2023, Defendants filed a motion for summary judgment that remains pending. (ECF No. 185).

(2) If the District Court adopts this Report and Recommendations, the District Court permit Defendants to file a motion to compel better responses to their discovery requests.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 2nd day of October, 2023.

> LAUREN F. LOUIS
> UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore

   Counsel of Record

   Jackie J. Hines
   516 Robert Street
   Melbourne, FL 32901
   321-684-3798
   Email: jackiehines77@gmail.com
   PRO SE