UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22472-KMM

JACKIE J. HINES,

    Plaintiff,

v.

CARL BALMIR and ROBERT SMITH,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Robert Smith and Carl Balmir's Notice to the Court of Plaintiff's Noncompliance with Court's February 20, 2023 Order and Motion to Dismiss for Failure to Comply with Court Order. (ECF No. 180). This case was referred to United States Magistrate Judge Lauren F. Louis to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 184). On October 2, 2023, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 187), recommending that the Motion be DENIED. No objections to the R&R were filed, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed.

R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.  DISCUSSION

In the R&R, Magistrate Judge Louis concludes that sanctions are not warranted under the circumstances presented in this case. R&R at 5. Magistrate Judge Louis notes that "Plaintiff's discovery responses were served over one month late" and "are not fulsome." *Id.* However, at the time defense counsel received the written discovery responses on April 13 and 14, the deadline to complete discovery was June 16, 2023. *Id.* Moreover, the appropriate remedy at that time, where Defendants had in fact received discovery responses that did not appear fulsome, was a Rule 37(a) motion to compel better responses and not a Rule 37(b) motion seeking dismissal as a sanction. *Id.* 5–6. Finally, dismissal as a sanction is appropriate "only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Based on the foregoing, Magistrate Judge Louis concludes that dismissal is not appropriate here. This Court agrees.

### III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 187) is ADOPTED.  Defendants' Notice to the Court of Plaintiff's Noncompliance with Court's February 20, 2023 Order and Motion to Dismiss for Failure to Comply with Court Order (ECF No. 180) is DENIED.  Defendants are permitted to file a motion to compel better responses to their discovery requests.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of December, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record