**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:15-cv-22472-MOORE

JACKIE J. HINES,

      Plaintiff,

v.

CARL BALMIR and ROBERT SMITH,

      Defendants.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court following a Court-ordered status conference held on February 26, 2024; though the Court-ordered status conference was duly noticed, no Party or counsel appeared. (ECF No. 194). The matter has been referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pretrial, non-dispositive matters including discovery, and for a Report and Recommendations on any dispositive matters. (ECF No. 184). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED** for failure to prosecute.

Plaintiff Jackie J. Hines, proceeding *pro se*, commenced this civil rights action in this Court in 2015, asserting an Eighth Amendment claim for deliberate indifference to a serious medical need, under 42 U.S.C. § 1983, as well as state law claims for medical malpractice and negligent infliction of emotional distress. (ECF No. 1). Because Plaintiff was, at the time this action was brought, an incarcerated individual seeking redress against governmental entities, employees, or

officers, his Complaint was subject to screening under 28 U.S.C. § 1915A.  The Complaint was also subject to screening under 28 U.S.C. § 1915(e) because Plaintiff sought leave to proceed *in forma pauperis*.

Upon initial screening in September 2015, the District Court permitted Plaintiff's claim for deliberate indifference to a serious medical need under the Eighth Amendment to proceed against Dr. Smith and Dr. Balmir, dismissed Wexford Health Source, Inc. as a defendant, and dismissed Plaintiff's state law claims, but afforded Plaintiff leave to amend.  (ECF Nos. 10, 17).  Plaintiff filed an Amended Complaint (ECF No. 23) which was also screened in accordance with 28 U.S.C. §§ 1915A and 1915(e).  (ECF No. 26).  Upon supplemental screening of the Amended Complaint, only Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Dr. Smith and Dr. Balmir was permitted to proceed; Plaintiff's state law claims were dismissed.  (ECF No. 40).

After the entry of summary judgment in favor of Defendants and against Plaintiff, Plaintiff noticed an appeal to the United States Court of Appeals for the Eleventh Circuit.  (ECF No. 142).  On appeal, the Eleventh Circuit affirmed the entry of summary judgment on Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical need.  However, the court vacated the *sua sponte* dismissal of Plaintiff's state law claim for medical malpractice against Dr. Smith and Dr. Balmir in their individual capacities.  The Eleventh Circuit remanded the matter with instructions "to determine whether Hines conducted a reasonable investigation and had 'grounds for a good faith belief that there ha[d] been negligence in [his] care or treatment,' Fla. Stat. § 766.104(1)."  (ECF No. 153 at 11) (alterations in original).

On remand, the District Court set a status conference for the purpose of setting a hearing on Plaintiff's medical malpractice claim.  (ECF No. 163).  The minute entry does not reflect that

Plaintiff appeared.  (ECF No. 166).  Defendants thereafter sought discovery related to Plaintiff's medical malpractice claim.  (ECF Nos. 167, 168).

On January 26, 2023, after Plaintiff failed to appear at the discovery conference as required, Magistrate Judge Damian ordered Plaintiff to show good cause why certain discovery requests set forth in a memorandum filed by Defendants should not be granted by default and why the case should not be dismissed for failure to prosecute.  (ECF No. 172).

Judge Damian held a further hearing on February 16, 2023, which was attended by Plaintiff and by counsel for Dr. Smith and Dr. Balmir.  (ECF No. 176).  Following that hearing, Judge Damian entered an Order (ECF No. 179), to govern this action until the entry of a Scheduling Order by the District Court.[1]

On April 13, 2023, Dr. Smith and Dr. Balmir sought dismissal of this action based on Plaintiff's failure to timely comply with the discovery deadlines in Judge Damian's Order. Defendants later received Plaintiff's written discovery responses shortly after filing their Motion, though they claimed that Plaintiff's discovery responses were only partially complete.  The request to dismiss this action as a sanction was denied.  (ECF Nos. 187, 189).

Defendants also moved for summary judgment.  (ECF No. 185).  Though the Court later determined that Defendants' summary judgment motions were premature, *see* (ECF No. 191), Plaintiff did not file a response despite receiving notice as required under Eleventh Circuit law, (ECF No. 188).

On January 4, 2024, the Court entered an Order holding Defendants' summary judgment

---

[1]  Plaintiff was ordered to serve verified responses to Dr. Smith's discovery requests and Dr. Balmir's amended discovery requests by March 2, 2023.  Pending the entry of a scheduling order by the District Court, it was further ordered that all written discovery be completed by April 17, 2023 regarding whether (1) Plaintiff conducted a reasonable investigation, (2) Plaintiff had grounds for a good faith belief that there had been negligence in his care or treatment, and (3) Plaintiff's obligation to obtain an expert was waived due to Wexford's failure to provide requested documents.  (ECF No. 179 at 5).  It was further ordered that all discovery, including expert discovery, pertaining to the issue on remand, be completed by June 16, 2023

motion in abeyance.  (ECF No. 191).  The Court further set a briefing schedule to resolve the issue on remand as to Plaintiff's medical malpractice claim.  (ECF No. 193).  Both sides were required to file a memorandum of fact and law regarding the issue on remand, by no later than February 5, 2024.  Neither side did so.  The Court also set an evidentiary hearing on the remanded issue for February 26, 2024, with procedures for the introduction of exhibits and the presentation of live witness testimony.  However, neither side filed witness lists in anticipation of the hearing by the deadline to do so.

The Court convened the evidentiary hearing on February 26, 2024 as scheduled.  No party or counsel for any party appeared.  Both sides received proper notice of the hearing on January 4, 2024 upon the entry of the Court's Order Setting Hearing; a Notice of Electronic Filing was transmitted to counsel for Defendants and to the *pro se* Plaintiff, who has consented to receive Notices of Electronic Filing to his email address.  *See* (ECF No. 177).

"A district court may, in the proper exercise of its discretion, dismiss with prejudice a complaint for failure to prosecute upon (1) concluding a clear record of delay or willful contempt exists; and (2) making an implicit or explicit finding that lesser sanctions would not suffice." *Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 626 (11th Cir. 2006).  "When an order has the effect of preventing a plaintiff from refiling his complaint due to the running of the statute of limitations it is 'tantamount to a dismissal with prejudice,' which is 'a sanction of last resort, proper only where there is a clear record of delay or willful contempt.'"  *Stevens v. United States*, 778 F. App'x 731, 735 (11th Cir. 2019) (quoting *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).

The record before the Court evidences a clear record of delay.  *Pro se* Plaintiff Jackie Hines has repeatedly failed to appear at hearings as directed.  He has failed to timely comply with

discovery requests related to the issue on remand, though the Court determined that that failure did not at the time warrant dismissal of this case.  More recently, Plaintiff has failed to respond to Defendants' summary judgment motion despite receiving notice.  He also did not submit a brief on the issue on remand, as required, and has again failed to appear as directed for a hearing on the matter.  The docket reflects that Plaintiff has not litigated this case since April 2023.  Accordingly, the Court finds that Plaintiff has failed to prosecute this case.

The Court further finds that no lesser sanction other than dismissal will suffice.  The repeated delays and noncompliance with Court Orders has prevented the timely resolution of the discrete issue remanded to the District Court from the Eleventh Circuit.  Plaintiff has consented to receive Notices of Electronic Filing and thus was on notice of the February 26, 2024 hearing since the entry of the Court's Order Setting Hearing on January 4, 2024.  That Order expressly warned that "[f]ailure to timely comply with any of the requirements of this Order may result in a *sua sponte* recommendation to the District Judge that sanctions, including monetary sanctions, be imposed, up to and including a recommendation of default or dismissal, without further warning." (ECF No. 193 at 3).

Therefore, I respectfully **RECOMMEND** that the matter be **DISMISSED** for failure to prosecute.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

     **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of February, 2024.

                                                               _____

                                                             LAUREN F. LOUIS
                                                       UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record

Jackie J. Hines
516 Robert Street
Melbourne, FL 32901
321-684-3798
Email: jackiehines77@gmail.com
PRO SE